UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CARMEN MOORE,<br><br>        Plaintiff,<br><br>vs.<br><br>CANYON COUNTY SHERIFF'S OFFICE, a public entity, CANYON COUNTY, a body politic and corporate, SHERIFF KIERAN DONAHUE, in his individual and official capacities, JACE THOMPSON, and RUSSELL DONNELLY, and DOES 1-100, unknown individuals and/or entities,<br><br>        Defendants. | Case No. 1:25-cv-00531-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a Motion to Set Bond (Dkt. 1). For the reasons explained below, the Court will grant the motion and conditionally fix the cash bond amount at $300.

## BACKGROUND

Plaintiff Carmen Moore, formerly employed as a Sheriff's Deputy at the Canyon County Detention Center, intends to bring this action against Canyon County, the Canyon County Sheriff's Office, and several individual officers.

Moore alleges that, after suffering a work-related injury and later becoming

MEMORANDUM DECISION AND ORDER - 1

pregnant, she was denied reasonable accommodations, subjected to discrimination, and retaliated against for exercising rights under federal law. She further alleges that following her childbirth and while exercising rights under the Providing Urgent Maternal Protections for Nursing Mothers Act, she was disciplined, harassed, and ultimately terminated from employment in September 2024.

Moore intends to pursue federal claims under the Rehabilitation Act, the Family and Medical Leave Act, the PUMP Act, and 42 U.S.C. § 1983 for claimed violations of the Equal Protection Clause of the Fourteenth Amendment. She also proposes to assert a state-law tort claim for negligent infliction of emotional distress against all defendants. *See* Dkt. 1 (proposed complaint attached thereto). Idaho Code § 6-610 requires a bond before such a claim may proceed.

## ANALYSIS

Under Idaho Code § 6-610, plaintiffs who intend to sue law enforcement officers must first post a bond. This requirement is laid out in Idaho Code § 6-610, which provides as follows:

> Before any civil action may be filed against any law enforcement officer . . . when such action arises out of, or in the course of the performance of his duty, . . . the proposed plaintiff or petitioner, as a condition precedent thereto, shall prepare and file with, and at the time of filing the complaint or petition in any such action, a written undertaking with at least two (2) sufficient sureties in an amount to be fixed by the court.

Idaho Code § 6-610(2). The statute goes on to explain that the purpose of the bond

requirement is, first, to ensure that the plaintiff diligently pursues the lawsuit and, second, to serve as a fund for the costs, expenses, and attorneys' fees in the event the plaintiff loses. *See id.*

The statutory bond requirement "does not apply to alleged violations of constitutional rights brought pursuant to 42 U.S.C. § 1983." *See ET v. Lake Pend Oreille Sch. Dist. No. 84*, No. 2:10-cv-00292-EJL-CWD, 2012 WL 13133641, at *5 (D. Idaho Jan. 12, 2012). But the bond requirement does apply to Moore's intended state-law claim. The Court must therefore determine the amount of the bond.

Moore's proposed complaint includes a state-law claim. Under the Idaho Tort Claims Act, to obtain an award of attorney's fees, a prevailing party must show, "by clear and convincing evidence, that the party against whom or which such award is sought was guilty of bad faith in the commencement, conduct, maintenance or defense of the action." Idaho Code § 6-918A; *see Beehler v. Fremont Cty.*, 182 P.3d 713, 716 (Idaho Ct. App. 2008) ("Section 6-918A is the exclusive means for determining when a party is entitled to receive attorney fees in an action pursuant to the ITCA.").

Based solely on the facts alleged in the proposed complaint, the Court finds no indication of bad faith, and thus no indication that the defendants, if they were to prevail, would be entitled to attorney's fees under § 6-918A. Thus, based upon

MEMORANDUM DECISION AND ORDER - 3

the information before it, the Court finds a minimal bond requirement in the amount of $300 to be appropriate.

Finally, the Court notes that the prospective defendants have neither been served nor entered an appearance in this action. Section 6-610 contains a safeguard allowing defendants to except to the sufficiency of the bond at any time. Idaho Code § 6-610(4). If such an exception is filed and the Court finds the bond insufficient, Plaintiff will be required to file a new bond in an amount set by the Court. *See id*. § 6-610(7).

## ORDER

**IT IS ORDERED that:**

1. Plaintiffs' Motion to Set Bond (Dkt. 1) is **GRANTED**.
2. Plaintiffs shall post a cash bond in the amount of $300 within seven days of this Order, subject to any named defendants' right to except to that amount as set forth in Idaho Code § 6-610(4).
3. If such an exception is filed, the Court will then consider whether the bond amount should be increased.



DATED: October 3, 2025

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4